**THE CITY OF HOUSTON, Appellant,**

**v.**

**Tony DAVIS, Appellee.**

**No. 14–00–00645–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 2001.

Rosemary Sylvia Ward, Houston, for appellants.

Barbara Jackson Hudson, Houston, Tanja L.D. Hunter, Missouri City, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

WITTIG, Justice.

This dispute arises out of an officer's encounter with a motorcycle driver leaving an alleged drag racing scene on Rankin Road in Houston. The officer's patrol car backed into and collided with the cycle driver, appellee, Tony Davis. Davis sued the City of Houston and it moved for summary judgment on the basis of official and derivative immunity. Numerous factual conflicts permeate the motion and response. The trial court denied the motion and the City challenges the ruling in this interlocutory appeal. We affirm.

## Background

Officer Scott Jones [1] of the Houston Police Department (HPD) and his partner, Arturo Bazan, were assigned to duty with at least four Harris County Sheriff Officers to stop illegal drag racing that was occurring on Rankin Circle, a two-lane, deserted concrete road in north Harris County. In his witness statement and affidavit, Jones stated that he arrived at Rankin Circle and turned on the overhead lights atop his patrol car. His partner, Bazan, exited to direct traffic. Jones heard one of the Sheriff's officers state on the radio that it appeared some cyclists were attempting to get out of the area without being identified. Jones then saw a group of riders revving their engines at the intersection. Bazan started telling riders to turn off their engines. He saw Bazan approach Davis' bike and yell to him "where do you think you're going?" and instruct him to stop. Jones stated he saw Davis look at Bazan, disregard the command, and continue riding. When the bike was about 10 feet from Bazan, with Bazan shouting for Davis to stop, Davis accelerated quickly. Jones saw Davis assume a racing position with his head down and his knees tucked in. Jones could hear Davis revving through his gears as if to hurriedly build up speed. Jones determined Davis was trying to flee the scene and placed the patrol car in reverse to initiate a pursuit. Davis swerved and struck Jones' patrol car.

Bazan, in his witness statement, related that he walked toward Davis and "stated loudly 'Where do you think you're going!!' The motorcycle driver looked directly at me. I ordered [him] to stop several times in a manner where he no doubt could hear me." Then, when Davis accelerated "at a high rate of speed," Bazan observed Jones put the patrol car in reverse to pursue Davis. Davis attempted to "take evasive action" from the officer and, while going at a high rate of speed, struck the side of the patrol car.

The City also offered the affidavit of Lieutenant McKinney, a 17–year HPD veteran, and supervising officer of Jones. Officer McKinney relates the facts stated by Jones and Bazan and concludes that a reasonable police officer could have taken the same course of action as Jones; thus Jones acted in good faith.

The conflicting proof provides a virtual polar opposite scenario. This opposing evidence is proffered by Davis and another rider, Ryan Jackson. Davis stated in his

1. Jones is not named in this appeal.

affidavit that he was riding his motorcycle with a group of other cyclists on Rankin Circle. He stopped at a stop sign and noticed a police officer (Bazan) standing by a patrol vehicle. As he proceeded from the stop sign, he was suddenly hit by an officer in the patrol car (Jones) and thrown into a ditch. Davis started to stand but Jones ordered him to lie down, placed his knee in Davis' back, then cuffed and arrested him. Davis stated he had committed no offense and never heard the officer tell him to stop.

Jackson was riding his bike near Davis at the time of the accident. In his affidavit, Jackson stated he did see the police car back up and hit Davis with the rear of his patrol car. The car hit Davis with such force that he was thrown into a wooded area, with the car parked on top of the motorcycle in a ditch. Jackson further asserted that Davis was not violating any laws and he never heard an officer tell Davis to stop.[2]

### Standard of Review

Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In deciding whether there exists a disputed fact issue precluding

summary judgment, we treat evidence favorable to the non-movant as true and indulge all reasonable inferences in the non-movant's favor. *Id.* A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX. R. CIV. P. 166a(c).

### Official Immunity

▮▮▮▮ The City's motion for summary judgment was based on the affirmative defense of official immunity. A defendant seeking summary judgment on this defense must prove, without dispute and as a matter of law, that when the event in question occurred, he or she was: (1) performing a discretionary function, (2) acting in good faith, and (3) acting within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994). If any element is not proved as a matter of law or is factually disputed, the summary judgment must be denied. *Id.* If the officer is entitled to official immunity, then the governmental entity employing him retains its sovereign immunity. *DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.1995). Because we find there is a fact question on good faith, we need not address the other factors. TEX. R. APP. P. 47.1.

---

2. Additionally, at least two other witnesses gave statements. Cody Gray, whose position and relationship to the parties was unstated, reported that an HPD car "blocked the street" and "the bike tried to go around." "The policeman outside the car called out stop. The car tried to block off the street so the bike could not pass. The car hit the bike sending [Davis] into the trees about 20 feet away." Also, Bryan Dunn, who was sitting in a truck, stated he saw an HPD car blocking the road. Jones tried to go around and the car went into reverse and hit Davis, sending him flying from the bike.

## Good Faith

 Good faith depends on the assessment of a reasonably prudent officer of both the need to which an officer responds and the risk of the officer's course of action. This assessment is based on the officer's perception of the facts at the time of the event. *Wadewitz v. Montgomery,* 951 S.W.2d 464, 467 (Tex.1997). A court must measure good faith in official immunity cases against a standard of *objective legal reasonableness,* without regard to the *officer's subjective state of mind. Id.* at 466 (emphasis added). The need aspect of the test refers to the urgency of the circumstances requiring police intervention. *Id.* Need is determined by factors such as: (1) the seriousness of the crime to which the officer responds; (2) whether the officer's immediate presence is necessary to prevent injury or loss of life or to apprehend a suspect; and (3) what alternative courses of action, if any, are available to achieve a comparable result. *Id.* The risk aspect of good faith, on the other hand, refers to the countervailing public safety concerns: the nature and severity of harm that the officer's actions could cause, the likelihood that any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer. *Id.*

 To prove good faith, Jones filed his own expert affidavit, along with the expert affidavit of Officer McKinney. The officers conclude that Jones acted in good faith under the circumstances. However, their affidavits plainly fail to address the facts in the light most favorable to Davis. Rather, their conclusions are based on Officer Jones' and Bazan's largely controverted version of the facts. Under their version, we have a speeder who brazenly ignored an officer's clear demands to stop, then rammed the police car. But under Davis' version, he was obeying all traffic laws, and, without warning, was struck by

a police car and thrown into the woods. It is the jury's domain, not ours, to determine who is telling the truth. However, for purposes of this appeal we must assume Davis' facts are true. *Grinnell,* 951 S.W.2d at 425.

Our sister court dealt with a very similar factual dispute in *City of Dallas v. Aguirre,* 977 S.W.2d 862 (Tex.App.—Dallas 1998, no pet.). Officers testified that the suspect was fleeing from them when they hit him with the squad car. To the contrary, the suspect stated he was merely walking down the street, unaware that police were following him. The Dallas court held that the question of whether suspect was fleeing police was a material fact issue precluding summary judgment on good faith. *Id.* at 864; *see also Roberts v. Foose,* 7 S.W.3d 311, 315 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (in malicious prosecution case, officer testified he acted in good faith by filing resisting arrest charges because he ordered suspect (plaintiff) to stop, but she just drove off; held that fact question existed because suspect stated the officer never even approached her); *Victory v. Bills,* 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ) (holding officer could not establish good faith when factual dispute existed on whether and to what extent suspect resisted arrest).

Therefore, in light of the contradictory proof on material facts, and the City's failure to address the facts in the light most favorable to Davis, we hold that the City has failed to produce sufficient proof to meet its burden to conclusively establish Jones' good faith. *See University of Houston v. Clark,* 22 S.W.3d 915, 918 (Tex. 2000) (holding that to obtain summary judgment, officer must prove that a reasonably prudent officer, *under the same or similar circumstances,* could have believed that he acted in good faith) (citing *City of*

*Lancaster v. Chambers,* 883 S.W.2d 650, 656–57) (Tex.1994) (emphasis added); *Bridges v. Robinson,* 20 S.W.3d 104 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that officers' expert affidavits which addressed their own version of facts and ignored contradictory and other damaging proof failed to establish good faith). We overrule the City's official and derivative immunity issues.

The order of the trial court is affirmed.