**Kelly KISTNER, Individually and in His Capacity as a City of Marion Police Officer, Appellant,**

v.

**Sammuel L. PFANNSTIEL, Appellee.**

**No. 04–01–00784–CV.**

Court of Appeals of Texas,
San Antonio.

March 13, 2002.

Rehearing Overruled May 8, 2003.

Charles S. Frigerio, Hector X. Saenz, Law Offices of Charles S. Frigerio, San Antonio, for appellant.

Daniel R. Rutherford, Rutherford, Rutherford & Bettersworth, P.L.L.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice and SANDEE BRYAN MARION, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

This is an accelerated appeal from the trial court's denial of a motion for summary judgment based, in part, on official immunity. In one issue, appellant Kelly Kistner claims the trial court erred in denying his motion for summary judgment because he established all the elements of official immunity against appellee Sammuel Pfannstiel's claims for malicious prosecution, false arrest and libel and slander. We affirm.

## Background

The parties do not dispute that the acts which resulted in this lawsuit occurred on December 26, 1998, when Pfannstiel was arrested by Kistner on FM 78 in Marion, Texas, around 11:30 p.m. The parties, however, dispute the circumstances which led to the arrest. In his affidavit in support of his response to summary judgment, Pfannstiel contended that when returning from his sister's home in Marion, Texas, he noticed Kistner's police car parked off the roadside. Believing that Kistner was running a "speed trap," Pfannstiel decided to stop his vehicle and position himself in order to observe Kistner. Pfannstiel intended to alert the proper authorities to report Kistner's conduct. As Pfannstiel sat in his car trying to make a phone call, Kistner's squad car pulled up behind him with his police lights flashing. Kistner did not exit his car or advise Pfannstiel to exist his. Pfannstiel waited for a reasonable period of time for Kistner to approach his vehicle. When Kistner did not, Pfannstiel drove away. Pfannstiel stopped again when he saw the police car following him. At this second stop, sheriff's deputies from the Guadalupe County Sheriff's Office arrived and eventually Pfannstiel was arrested. Pfannstiel was subsequently charged with driving while intoxicated, evading arrest, and resisting arrest. In his affidavit, Pfannstiel denied he was drunk. He also asserted that he was informed by Kistner that Kistner knew Pfannstiel "was not guilty of any offense but he intended to file on [him] anyway."

In an affidavit filed in support of summary judgment, Kistner presented a conflicting view of the circumstances surrounding Pfannstiel's arrest. While on routine patrol, Kistner noticed a vehicle parked on the shoulder of the road on the Santa Clara bridge. He passed the vehicle once and turned around. Because the vehicle was stopped on the bridge and because he did not know if the driver needed assistance, Kistner attempted to make contact. Kistner observed Pfannstiel's vehicle perform a u-turn on the highway without signalling. The vehicle then drove up to the intersection of FM 78 and Holman Road. At this time, Kistner turned on his emergency lights. According to Kistner he decided to stop the vehicle for: (1) parking or standing on a bridge; (2) driving on the improved shoulder when prohibited; and (3) failing to signal a left turn. As Kistner attempted to approach the vehicle, it pulled away and performed another u-turn in the road. The vehicle, driven by Pfannstiel, pulled up and parked next to Kistner's police car. Pfannstiel then shouted an obscenity. When Kistner ordered Pfannstiel to stop, Pfannstiel shouted another obscenity and drove away. Kistner returned to his vehicle and pursued Pfannstiel. Pfannstiel's vehicle subsequently stopped again. At this second stop, Kistner decided not to approach Pfannstiel alone and called for back up officers from the Guadalupe County Sheriff's Office.

Upon arrival, deputy sheriff Michael Skrobarcek approached Pfannstiel when he arrived at the scene. In his incident report, Skrobarcek noted that he positioned the video camera in his unit to record the scene. According to his incident report of that evening, Skrobarcek spoke with Pfannstiel and asked him to exit the car. Pfannstiel eventually did, but then made an attempt to reenter his vehicle. Kistner was called upon to hold Pfannstiel down. Kistner and Skrobarcek held Pfannstiel down based upon their concern that Pfannstiel was trying to escape or was attempting to reach for a weapon. Kistner and Skrobarcek struggled with Pfannstiel while placing him in handcuffs. Kistner admits that he and Skrobarcek had to use open hand tactics to control Pfannstiel. According to both officers, Pfannstiel kicked Kistner in the groin.

Kistner's affidavit and incident report of the evening indicate state troopers then arrived at the scene and administered a Horizontal Gaze Nystagmus ["HGN"] test as to whether Pfannstiel exhibited signs of intoxication. One of the troopers communicated to Kistner that Pfannstiel had failed the HGN test. We would note that the videotape from Skrobarcek's vehicle was not included in Kistner's summary judgment evidence.

An inventory of Pfannstiel's vehicle produced two open bottles of wine. In his incident report, Skrobarcek noted that Pfannstiel smelled of alcohol and that Pfannstiel admitted to drinking earlier in the day. There was no evidence confirming Pfannstiel was intoxicated beyond the legal limit. Pfannstiel was taken to jail the same evening and charged with driving while intoxicated, evading arrest and resisting arrest. Complaints were issued on these charges on December 31, 1998. The parties do not dispute that Pfannstiel pled no contest to the charge of evading arrest and received deferred adjudication. The charges for resisting arrest and driving while intoxicated were dismissed. Pfannstiel subsequently filed this lawsuit against Kistner both in his individual and official capacities. Kistner moved for summary judgment on the grounds of sovereign immunity and official immunity. The trial court denied, in part, Kistner's motion.

### Standard of Review

When a defendant moves for summary judgment on an affirmative defense, like immunity, the defendant must conclusively prove each element of the defense as a matter of law. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991). If the defendant meets this burden, the plaintiff must then produce evidence raising a genuine issue of material fact in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.*

### Official Immunity

Official immunity in Texas is an affirmative defense that protects government employees from personal liability. *Chambers*, 883 S.W.2d at 653; *University of Houston v. Clark*, 22 S.W.3d 915, 918 (Tex.2000). Governmental employees are entitled to official immunity from suits arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Id.; K.D.F. v. Rex*, 878 S.W.2d 589, 597 (Tex.1994) (orig. proceeding). Whether Kistner was acting in the scope of his authority as a police officer is not in dispute. Therefore, the only issues for this court to address is whether Kistner's acts of filing charges against Pfannstiel were discretionary and in good faith.

Discretionary actions involve personal deliberation, decision and judgment. *Chambers*, 883 S.W.2d at 654; *Alamo Workforce Development, Inc. v. Vann*, 21 S.W.3d 428, 434 (Tex.App.—San Antonio 2000, no pet.). The evidence reflects that Pfannstiel was charged with evading arrest, resisting arrest and driving while intoxicated the evening he was arrested. In his affidavit, Kistner stated that his decision to arrest Pfannstiel was a result of weighing the need to arrest Pfannstiel with the possible risk Pfannstiel posed to himself or to the public. Accordingly, Kistner's decision was a result of personal deliberation. Texas courts have held that

a law enforcement officer's decision to file a criminal complaint is discretionary because it calls for the officer's "personal deliberation, decision and judgment." *See e.g., Boozier v. Hambrick*, 846 S.W.2d 593, 597 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Smith v. Davis*, 999 S.W.2d 409, 414 (Tex.App.—Dallas 1999, no pet.). We hold that Kistner's acts of charging and arresting Pfannstiel were discretionary. We next decide whether Kistner acted in good faith.

 Good faith is established when it is proven that a reasonably prudent government official, under the same or similar circumstances, could have believed that his actions were justified. *Chambers*, 883 S.W.2d at 656; *Dovalina v. Nuno*, 48 S.W.3d 279, 283 (Tex.App.—San Antonio 2001, no pet.). A government employee acts in bad faith only if he could not have reasonably reached the decision in question. *University of Houston*, 22 S.W.3d at 918. Good faith can be established as a matter of law when the employee's factual recitation is otherwise supported by the evidence. *Medina County Comm'rs Court v. Integrity Group, Inc.*, 944 S.W.2d 6, 10 (Tex.App.—San Antonio 1996, no writ); *Nuno*, 48 S.W.3d at 283. In the instant matter, Kistner had to conclusively establish that a reasonably prudent officer, under the same or similar circumstances, could have believed his actions were justified. *See Chambers*, 883 S.W.2d at 656; *Smith*, 999 S.W.2d at 414. Only if Kistner carried this burden, does Pfannstiel then have to show that no reasonable person in Kistner's position could have thought the facts were such that they justified Kistner's acts. *See Chambers*, 883 S.W.2d at 657.

While the facts may establish Kistner's good faith in initially stopping and pursuing Pfannstiel, the facts fall short in conclusively establishing Kistner's good faith in arresting and charging Pfannstiel for acts allegedly engaged in by Pfannstiel after the initial stop. Specifically, the facts which support the charges of resisting arrest and DWI are in dispute. As noted in his affidavit and incident report, Kistner decided to initiate a stop of Pfannstiel's vehicle for three reasons (1) parking or standing on a bridge; (2) driving on the improved shoulder when prohibited; and (3) failing to signal. In his affidavit, Pfannstiel admitted he was parked on the side of the road and did not deny making a u-turn in the road. Pfannstiel also admits to driving away from the police car after it had stopped behind him. However, Pfannstiel denied Kistner approached him during the first stop and also denied speaking or shouting obscenities to Kistner during that stop. Kistner's evidence may have shown that Pfannstiel smelled of alcohol and that Pfannstiel admitted to drinking earlier that day. However, in his affidavit, Pfannstiel denied drinking and being drunk. Kistner also presented summary judgment evidence that Pfannstiel yelled obscenities, attempted to reenter his vehicle after being ordered out of it, resisted being handcuffed and kicked Kistner in the groin. Contrastingly, in his affidavit, Pfannstiel wholly denied fighting the officers or resisting arrest. Moreover, Pfannstiel asserted that "Kistner made it clear to [him] that he knew that [Pfannstiel] was not guilty of any offenses but he intended to file ... anyway."

On review, we must take Pfannstiel's assertions on material facts as true and indulge all inferences from that evidence in his favor. *See Nixon*, 690 S.W.2d at 549, *American Tobacco Co., Inc., v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). We find there is contradictory proof regarding the material facts on which Kistner premises his claim of good faith and therefore hold that summary judgment would be improper. *See Martinez v. Mikel*, 960 S.W.2d 158, 160 (Tex.App.—San Antonio 1997, no

pet.) (holding evidence raised a material fact issue on whether suspect's hands were in his pockets when approached by officer and precluding summary judgment). Other Texas courts have held that a movant on summary judgment fails to conclusively establish good faith where the material facts relied upon to support good faith are in dispute. *See e.g. Victory v. Bills*, 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ) (holding officer could not establish good faith when factual dispute existed on whether and what extent plaintiff resisted arrest); *City of Dallas v. Aguirre*, 977 S.W.2d 862, 864 (Tex.App.—Dallas 1998, no pet.) (holding officer could not establish good faith when factual dispute existed on whether plaintiff was fleeing police); *Roberts v. Foose*, 7 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding officer could not establish good faith when factual dispute existed on whether plaintiff resisted arrest). While there may have been sufficient evidence to support Kistner's good faith in initially stopping Pfannstiel, there was conflicting evidence on the critical facts of whether Pfannstiel was drunk and whether he resisted arrest. Further, there is evidence to suggest that Kistner knew the charges against Pfannstiel were not valid.

■ Kistner relied on the affidavit of Ben Lively, a twenty-nine year veteran of the San Antonio Police Department, to establish good faith. On appeal, he argues that Lively's conclusions assist in establishing good faith. In his affidavit, Lively premised his expert opinion on Kistner's acts as supported in the incident reports filed by Kistner and Skrobarcek. Lively concluded that a reasonable officer under the same circumstances could have believed Kistner's conduct in arresting Pfannstiel was lawful and reasonable. We note that Lively's conclusions are premised, in part, on disputed facts. Specifically, Lively considered the fact that Pfannstiel failed a Horizontal Gaze Nystagmus

["HGN"] test at the scene, and therefore provided a basis to be arrested. However, there is, at best conflicting evidence on whether Pfannstiel failed the HGN test at the scene as asserted by Kistner. Both in his affidavit and police report, Kistner asserts that a state trooper communicated to him that Pfannstiel had failed the HGN test. However, in his lengthy and detailed report, Skrobarcek makes no mention that state troopers administered the HGN test at the scene or that Pfannstiel failed it. The summary judgment evidence reflects that Kistner, not a state trooper as alleged by Kistner, attempted to give Pfannstiel an HGN test once Pfannstiel was taken to the county jail. Kistner's report noted Pfannstiel refused the test. Skrobarcek did note that Pfannstiel refused field sobriety testing once he was at the jail. Because evidence on whether Pfannstiel failed the HGN test at the scene is disputed, we find Lively's reliance on this fact misplaced. Finally, we note that Lively's accounting of the facts in support of his conclusions in his affidavit tracks Kistner's incident report. As such, Lively affidavit fails to address the facts in the light most favorable to Pfannstiel. *See City of Houston v. Davis*, 57 S.W.3d 4, 7 (Tex.App.— Houston [14th Dist.] 2001, no pet.) (noting affidavits of other officer and experts regarding good faith only addressed offending officer's version of the facts and thus were not in the light most favorable to the suspect). For these reasons, we do not find Lively's affidavit is dispositive on the issue of Kistner's good faith.

We also reject, in part, the affidavit of Captain Richard Crespo filed in support of summary judgment. In his affidavit, Captain Crespo asserted that Kistner followed department polices and guidelines. Moreover, he concluded, based upon a review of the incident reports, that Kistner's actions were that of a reasonable officer undertaken in good faith. It is clear that Captain Crespo's conclusions are based on an ac-

counting of facts as related by Kistner and Skrobarcek. These facts are in dispute. Therefore, Captain Crespo's affidavit is also not dispositive of the issue of good faith. *See Davis,* 57 S.W.3d at 7. Accordingly, we hold Kistner failed to conclusively establish he acted in good faith.

### Conclusion

At summary judgment, Kistner had to conclusively prove each element of official immunity. Because we hold that Kistner failed to conclusively prove he acted in good faith in pursuing the charges against Pfannstiel, we hold that he failed to prove the defense of official immunity as a matter of law. We overrule Kistner's sole issue on appeal and affirm the order of the trial court.