MEMORANDUM OPINION



No. 04-07-00403-CV



Ruben NUNEZ,


Appellant



v.



Idalia JIMENEZ,


Appellee



From the County Court at Law No. 1, Webb County, Texas


Trial Court No. 2003-CVQ-000236-C1


Honorable Alvino J. Morales, Judge Presiding



Opinion on Motion for Rehearing



Opinion by: Steven C. Hilbig, Justice


Sitting: Catherine Stone, Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: December 12, 2007 


AFFIRMED IN PART; REVERSED AND RENDERED IN PART; MOTION FOR REHEARING
GRANTED


 On October 10, 2007, we issued an opinion and judgment in this appeal. Appellant, Ruben
Nunez, has filed a motion for rehearing. We grant the motion, withdraw our October 10, 2007,
opinion and judgment, and substitute those issued today.

 Laredo Police Officer Ruben Nunez, in his individual capacity, appeals the trial court's denial
of his motion for summary judgment based on grounds of official and statutory immunity. We
affirm in part and reverse and render in part.

Factual and Procedural Background


 On February 18, 2001, Idalia Jimenez entered the Heights Meat Market in Laredo, Texas. 
According to Jimenez, she took her six children, who ranged in age from thirteen to one, into the
store with her. Another store patron, Sylvia De La Garza, allegedly witnessed Jimenez strike her
thirteen-year-old son, pull the hair of one of her daughters, and punch another son in the head. Garza
called 911 to report the alleged abuse. Laredo Police Officer Jesus Munoz was dispatched to the
store to investigate. According to Officer Munoz, when he arrived he was met by De La Garza who
stated she had seen a woman in a blue sweater "beating" one of her children. Officer Munoz
approached the woman in the blue sweater, subsequently identified as Jimenez, and asked her to step
out of the store. As she left the store, Jimenez began yelling and cursing at De La Garza. Laredo Police Officer Ruben Nunez was dispatched to assist Officer Munoz. When he
arrived, he spoke with De La Garza who again recounted her observations of abuse. Officer Nunez
heard Jimenez cursing and screaming at De La Garza. He also claimed to have observed a black
Ford Bronco in the parking lot with two unaccompanied minors inside-one of whom was later
determined to be only one year of age. In his report he stated that at one point, all six children were
left in the vehicle without adult supervision. Officer Nunez claimed the vehicle was parked next to
a busy roadway and he believed there was potential for one of the children to put the vehicle in gear
causing it to enter the busy roadway. He believed this could have resulted in injury to the children. 

 When Officer Nunez approached Jimenez, he advised her to calm down and lower her voice
and asked her "what the problem was." In response, Jimenez screamed at Officer Nunez, De La
Garza, other officers, and bystanders. Officer Nunez arrested Jimenez. She was ultimately charged
with three counts of injury to a child and six counts of child endangerment. There is nothing in the
record showing the disposition of the criminal charges. 

 Jimenez subsequently filed a civil suit against Officer Nunez in his official and individual
capacities and De La Garza alleging false imprisonment and defamation. The City of Laredo and
Officer Nunez filed a plea to the jurisdiction alleging sovereign immunity based on the Texas Tort
Claims Act. (1) See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005). The trial court
granted the plea with regard to the City of Laredo and Officer Nunez in his official capacity. This
left Jimenez's claims against Officer Nunez in his individual capacity and her claims against De La
Garza. Both filed motions for summary judgment pursuant to Rule 166a(c). Officer Nunez's motion
was based on common law official immunity and statutory immunity under the Texas Family Code. 
See Tex. Fam. Code Ann. § 261.106(a) (Vernon 2002). De La Garza's motion was also based on
statutory immunity under the Family Code. Jimenez did not file a response to either motion. The
trial court denied both motions. Officer Nunez filed this interlocutory appeal challenging the trial
court's denial of his motion for summary judgment. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(5) (Vernon Supp. 2007) (permitting appeal from interlocutory order that "denies a
motion for summary judgment that is based on an assertion of immunity by an individual who is an
officer or employee of the state or a political subdivision of the state."). 

Burden of Proof and Standard of Review


 To obtain summary judgment, the movant must establish there are no genuine issues of
material fact and he is entitled to judgment as a matter of law. Browning v. Prostok, 165 S.W.3d
336, 344 (Tex. 2005); Tex. R. Civ. P. 166a(c). When a defendant moves for summary judgment on
an affirmative defense, he must conclusively establish each essential element of that affirmative
defense. Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000). Once a defendant produces
sufficient evidence to establish the right to summary judgment, the burden shifts to the nonmovant
to produce controverting evidence raising a fact issue as to the established defense. Centeq Realty,
Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Romo v. Tex. Dep't. of Transp., 48 S.W.3d 265,
269 (Tex. App.-San Antonio 2001, no pet.). 

 On appeal, we review motions for summary judgment de novo. Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Romo, 48 S.W.3d at 269. In deciding whether there is
a disputed issue of material fact precluding summary judgment, "we take as true all competent
evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any
doubts in the nonmovant's favor." Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846
(Tex. 2005). 

Substantive Law

Official Immunity

 Official immunity is an affirmative defense. Ballantyne v. Champion Builders, Inc., 144
S.W.3d 417, 424 (Tex. 2004); Telthorster v. Tennell, 92 S.W.3d 457, 460 (Tex. 2002). To be
entitled to official immunity, the public official or government employee must prove he
was (1) acting within the scope of his authority (2) in performing a discretionary duty (3) in good
faith. Id.; City of San Antonio v. Trevino, 217 S.W.3d 591, 593 (Tex. App.-San Antonio 2006, no
pet.). 

 A public official acts within the scope of his authority if he is discharging duties that are
generally assigned to him. Ballantyne, 144 S.W.3d at 424; Tex. Dep't. of Pub. Safety v. Tanner, 928
S.W.2d 731, 735 (Tex. App.-San Antonio 1996, no writ). When a police officer enforces the law,
i.e., performs his official duties, he is acting within the course and scope of his employment as a
police officer. Morgan v. City of Alvin, 175 S.W.3d 408, 417 (Tex. App.-Houston [1st Dist.] 2004,
no pet.). This court has specifically held that an officer making an arrest or conducting an
investigation is acting within the scope of his authority. Tanner, 928 S.W.2d at 735 (investigation);
Gray v. Harrison, No. 04-95-00384-CV, 1996 WL 425974, *3 (Tex. App.-San Antonio Jul. 31,
1996, no writ) (not designated for publication) (arrest). We have also held that an officer is acting
within the scope of his authority when he responds to a dispatcher's call for police intervention and
takes action upon arrival. Vasquez v. Hernandez, 844 S.W.2d 802, 805 (Tex. App.-San Antonio
1992, writ dism'd w.o.j.). The fact that a specific act that forms the basis of the civil suit may have
been wrongly or negligently performed does not take it outside the scope of authority. City of
Lancaster v. Chambers, 883 S.W.2d 650, 658 (Tex. 1994); Tanner, 928 S.W.2d at 735. 

 Whether an act is discretionary or ministerial depends upon whether it involves personal
deliberation or simple adherence to an order. Ballantyne, 144 S.W.3d at 425. "Ministerial acts are
those for which 'the law prescribes and defines the duty to be performed with such precision and
certainty as to leave nothing to the exercise of discretion or judgment.'" Id. (quoting Comm'r of the
Gen. Land Office v. Smith, 5 Tex. 471, 479 (1849)). If the public official has no choice but to obey
an order, the act is ministerial. Ballantyne, 144 S.W.3d at 425. However, if the act involves
personal deliberation, decision, and judgment, it is discretionary. Id. 

 Many acts performed by police officers are discretionary. Deciding whether to make an
arrest and how to effectuate the arrest are typically discretionary. Kistner v. Pfannstiel, 107 S.W.3d
7, 11 (Tex. App.-San Antonio 2002, no pet.) (deciding to arrest); City of San Antonio v. Duncan,
936 S.W.2d 63, 65 (Tex. App.-San Antonio 1996, writ dism'd w.o.j.) (deciding when and how to
arrest). While the law prescribes and defines offenses that may result in an arrest, determining
whether probable cause exists to support an arrest involves personal deliberation and judgment. Antu
v. Eddy, 914 S.W.2d 166, 171 (Tex. App.-San Antonio 1995, no writ). 

 Similarly, an officer's determination of how to investigate and to what extent before arresting
or seeking a warrant are discretionary. City of Hempstead v. Kmiec, 902 S.W.2d 118, 121 (Tex.
App.-Houston [1st Dist.] 1995, no writ). Moreover, duties undertaken incident to a criminal
investigation are discretionary. See Austin v. Hale, 711 S.W.2d 64, 67-68 (Tex. App.-Waco 1986,
no writ) (Department of Human Resources employees' collection of facts about child abuse report
and actions based on those facts were discretionary). The decision to file a criminal complaint and
charge a person with a crime is a discretionary act. Kistner, 107 S.W.3d at 11-12. 

 The final element a government employee must prove to be entitled to immunity is good
faith. See Ballantyne, 144 S.W.3d at 424; Trevino, 217 S.W.3d at 593. To determine whether a
police officer acted in good faith, courts ask whether a reasonably prudent officer, under the same
or similar circumstances could have believed his conduct was justified based the information he
possessed when the conduct occurred. Ballantyne, 144 S.W.3d at 426; Kistner, 107 S.W.3d at 12. 
An officer need not prove it would have been unreasonable not to engage in the conduct, or that all
reasonably prudent officers would have engaged in the same conduct. Telthorster, 92 S.W.3d at 465. 
Once an officer meets this burden, the plaintiff must offer evidence that no officer in the defendant's
position could have believed the facts justified his conduct. Telthorster, 92 S.W.3d at 465. 

 When the plaintiff's case is based on an allegedly improper arrest, the question of good faith
turns on whether there was probable cause for the arrest. Lang v. City of Nacogdoches, 942 S.W.2d
752, 764 (Tex. App.-Tyler 1997, writ denied); see Antu, 914 S.W.2d at 173. We recognize that in
this case Jimenez has technically brought a claim for false imprisonment rather than false arrest. 
This, however, is substantively of no moment. As the Fifth Circuit has recognized, a false arrest is
tantamount to effecting a false imprisonment. Whirl v. Kern, 407 F.2d 781, 790 (5th Cir. 1968), cert.
denied, 396 U.S. 901 (1969). Although Jimenez alleged false imprisonment in her petition, her
complaint is actually one of false arrest as the justness of the resulting imprisonment depends on
whether the officers had probable cause to arrest. See id. Moreover, courts in this state have
recognized the elements of the two claims are identical. See, e.g., Bertuca v. Martinez, No. 04-04-00926-CV, 2006 WL 397904, *5 (Tex. App.-San Antonio Feb. 22, 2006, no pet.) (mem. op.).

 To establish either claim, a plaintiff must show a willful detention, without the consent of
the detainee, without authority of the law. Id.; Villegas v. Griffin Indus., 975 S.W.2d 745, 754 (Tex.
App.-Corpus Christi 1998, pet. denied). Probable cause for arrest exists when the facts and
circumstances within the officer's knowledge, and of which he has reasonably trustworthy
information, are sufficient to warrant a person of reasonable caution to believe a person has
committed or is committing an offense. Padilla v. Mason, 169 S.W.3d 493, 503 (Tex. App.-El Paso
2005, pet. denied) (citing Gerstein v. Pugh, 420 U.S. 103, 111 (1975) and Amores v. State, 816
S.W.2d 407, 413 (Tex. Crim. App. 1991)). Pursuant to the Code of Criminal Procedure, and
relevant to this case, any peace officer may arrest, without a warrant, "an offender . . . for any offense
committed in his presence or within his view," and "persons who the peace officer has probable
cause to believe have committed an offense involving family violence." (2) Tex. Code Crim. Proc.
Ann. art. 14.01 (Vernon 2005), art. 14.03(a)(4) (Vernon Supp. 2007). 

Statutory Immunity

 Section 261.106 of the Family Code provides immunity from civil or criminal liability for
those who act in "good faith" in reporting child abuse or neglect. Tex. Fam. Code Ann.
§ 261.106(a) (Vernon 2002). This court has interpreted "good faith" under section 261.106(a) to be
the same as good faith in the context of official immunity for police officers. See Chaney v. Corona,
103 S.W.3d 608, 611 (Tex. App.-San Antonio 2003, pet. denied). That is, the person seeking
protection based on 261.106(a) must establish that a reasonably prudent person under the same or
similar circumstances could have believed that reporting the abuse was justified based on the
information possessed. Id. (citing Telthorster, 92 S.W.3d at 465). "Good faith" is the only element
of immunity under section 261.106(a); the statute does not require, as does official immunity, that
a government employee prove he was acting within the scope of his authority in performing a
discretionary duty. See Tex. Fam. Code Ann. § 261.106(a) (Vernon 2002). Like official immunity,
immunity under section 261.106(a) is an affirmative defense. Chaney, 103 S.W.3d at 610-11. 

Analysis

 Jimenez's First Amended Petition alleged Officer Nunez falsely imprisoned her and defamed
her by filing a report and arresting her for injury to a child and child endangerment. Office Nunez
is entitled to summary judgment on the false arrest claim if he established as a matter of law his
official immunity for the arrest regardless of the charges actually lodged against Jimenez. See
Devenpeck v. Alford, 543 U.S. 146, 154-55 (2004). As to the defamation claim, Officer Nunez must
establish he was entitled to immunity for defamation with regard to each criminal charge asserted
against Jimenez. Officer Nunez, however, did not make a separate argument for immunity from the
defamation claim nor did he distinguish between the reports of the separate charges; rather, he
simply asserted he was "entitled to official immunity from Plaintiff's claims because at all times
relevant . . . [he] was acting objectively reasonably, in good faith and within the scope of his
discretionary authority as a Laredo Police Officer" and was "entitled to statutory immunity from
Plaintiff's claims, because at all times relevant . . . [he] was acting in good faith and within his law
enforcement authority by investigating a report of alleged child abuse or neglect." Based on the
nature of the claim and the summary judgment evidence, we find it necessary to make this distinction
in our review. 


False Imprisonment

Scope of Authority

 The summary judgment evidence produced by Officer Nunez established as a matter of law
he was acting within the scope of his authority with regard to the arrest of Jimenez for the offense
of injury to a child. 

 In his affidavit, he states that at all relevant times he was a licensed peace officer and a police
officer for the City of Laredo, Texas. Officer Nunez averred that he responded to a call to assist
another officer regarding a report of child abuse. This assertion is supported by the affidavit of De
La Garza wherein she states that she called 911 to report child abuse. When he arrived at the
location, he spoke to De La Garza, who allegedly witnessed Jimenez abusing three of her children. 
He also spoke to at least one other witness and to Jimenez. 

 In responding to a call to assist another officer with regard to a report of child abuse, Officer
Nunez was clearly discharging duties assigned to him as a police officer, and acting within the scope
of his authority. See Vasquez, 844 S.W.2d at 805. The subsequent investigation and arrest were also
within Officer Nunez's scope of authority. See Tanner, 928 S.W.2d at 735; Gray, 1996 WL at *3. 
He was also acting within his scope of authority when he completed his reports based on the incident
and ultimately charged Jimenez with injury to a child. See Ballantyne, 144 S.W.3d at 424. Discretionary Duty

 The summary judgment evidence establishes Officer Nunez was dispatched to assist in the
investigation of alleged child abuse. When he arrived, he conducted an investigation by observing
the scene, speaking to witnesses, and talking to Jimenez. These acts were discretionary. See Kmiec,
902 S.W.2d at 121; Austin, 711 S.W.2d at 67-68. After investigating, Officer Nunez arrested
Jimenez and later charged her with three counts of injury to a child and six counts of child
endangerment. These acts were also discretionary. See Kistner, 107 S.W.2d at 11-12. 

Good Faith

 Having established he was in the scope of his authority and performing discretionary acts
when he arrested Jimenez, Officer Nunez needed only to establish he was acting in good faith to
entitle him to official immunity. See Ballantyne, 144 S.W.3d at 424; Chaney, 103 S.W.3d at 611. 
To establish good faith, Officer Nunez needed to prove as a matter of law that he had probable cause
to arrest Jimenez for any crime without consideration of the crime for which she was actually
booked. See Devenpeck, 543 U.S. at 154-55.

 The summary judgment evidence established Officer Munoz was dispatched to investigate
a report that "a female was beating her children." Officer Nunez was subsequently dispatched to
assist Officer Munoz. When Officer Nunez arrived, De La Garza told him she had witnessed
Jimenez strike her thirteen-year-old son, pull the hair of her eight-year-old daughter, and punch one
of her other minor sons in the head.

 According to the Texas Penal Code, a person commits the offense of injury to a child if he
"intentionally, knowingly, recklessly, or with criminal negligence, by act . . . causes to a child . . .
(3) bodily injury." (3) Tex. Penal Code Ann. § 22.04(a) (Vernon 2006). Officer Nunez had probable
cause to arrest Jimenez for injury to a child if he had sufficient, trustworthy facts and circumstances
in his knowledge to warrant his belief that Jimenez had intentionally, knowingly, or recklessly
caused bodily injury to any of her children. See id; Padilla, 169 S.W.3d at 503. Based upon the
information provided by De La Garza, Officer Nunez had the necessary information to support
probable cause to arrest Jimenez for injury to a child and was entitled to do so without a warrant; he
acted in good faith. See Tex. Code Crim. Proc. Ann. art. 14.03(a)(4) (permitting warrantless arrest
where peace officer has probable cause to believe person has committed offense involving family
violence); Tex. Fam. Code Ann. § 71.004(2) (defining family violence to include abuse by a family
member toward a child of the family). 

Conclusion

 Because Officer Nunez established as a matter of law he was acting within the scope of his
authority in performing a discretionary duty in good faith when he arrested Jimenez, he was entitled
to official immunity unless Jimenez produced evidence to controvert his affirmative defense. 
Jimenez did not file a response nor in any way controvert Officer Nunez's evidence. Accordingly,
Officer Nunez was entitled to summary judgment as to Jimenez's claims for false imprisonment.

Defamation

 To establish his defense of official immunity for the defamation claim, Officer Nunez relies
on the same evidence used to establish his immunity defense for the false arrest claim. Based on our
foregoing discussion, the summary judgment evidence establishes as a matter of law Officer Nunez's
official and statutory immunity defenses on the defamation claim as it relates to the reporting of the
child abuse based on injury to a child. Because Officer Nunez proved as a matter of law he had
probable cause to arrest Jimenez for injury to a child and was acting within the scope of his authority
while exercising a discretionary duty, any claim of defamation by Jimenez based on the reports
created by Officer Nunez is also defeated by official immunity. However, based on the summary
judgment evidence, we believe a fact issue exists that precludes summary judgment on the immunity
defense to the defamation claim as it relates to the child endangerment charge.

 In his motion for rehearing, Officer Nunez argues Jimenez's petition did not allege a
defamation claim based on his report of child endangerment. The First Amended Original Petition
generally alleged, "defendants were grossly negligent and breached the duty owed to plaintiff not to
falsely allege facts which were untrue." Neither Officer Nunez nor De La Garza specially excepted
to the petition. When a pleading is not challenged by special exceptions, we construe it liberally in
favor of the pleader. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000). We
look to the pleader's intent and supply every fact "that can reasonably be inferred from what is
specifically stated." Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982). Based on these standards,
we construe Jimenez's second cause of action as a claim for defamation, more specifically libel,
based upon written statements contained in Officer Nunez's report. Those statements include facts
relating to both the injury to a child and the child endangerment offenses. (4)

 The evidence clearly establishes Officer Nunez was acting within the scope of his authority
and performing discretionary acts when he reported and ultimately charged Jimenez with child
abandonment or endangerment. However, Officer Nunez must also establish as a matter of law he
was acting in good faith because he had probable cause to arrest on this charge to entitle him to
official or statutory immunity. The summary judgment evidence produced by Officer Nunez showed
De La Garza told him that as Jimenez was striking her children she was yelling at the children and
asking them why they got out of the truck and ordering them back outside. While he was talking to
De La Garza, he "noticed what turned out to be Jimenez's black Ford Bronco with two of her
unaccompanied minor children inside, including 1 year-old daughter Jackeline." Officer Nunez
stated in his affidavit that the truck was parked next to "a busy roadway." He believed there was
potential danger in leaving the children in the truck because one of them might inadvertently put the
truck in gear, causing it to roll into the busy roadway where it might collide with another vehicle. 
Officer Nunez believed this could result in injury to children in the truck. 

 According to Officer Nunez, he also spoke to the store owner, Marissa Garcia, who told him
she had seen Jimenez's thirteen-year-old son strike Jimenez's eight-year-old daughter outside the
store while Jimenez was inside the store. When the eight-year-old went inside the store and
complained to Jimenez, Jimenez told her she deserved it for getting out of the truck. Neither De La
Garza nor Garcia ever mentioned seeing one-year-old Jackeline inside the store. 

 Child abandonment or endangerment occurs when: 

 (b) A person . . . having custody, care, or control of a child younger
than 15 years . . . intentionally abandons the child in any place under
circumstances that expose the child to an unreasonable risk of harm. 

 

 (c) A person . . . intentionally, knowingly, recklessly, or with criminal
negligence, by act or omission, engages in conduct that places a child
younger than 15 years in imminent danger of death, bodily injury, or
physical or mental impairment. 


Tex. Penal Code Ann. § 22.041(b), (c) (Vernon 2006). 

 Based upon his own observations and the witnesses' statements, Officer Nunez avers he
believed he had probable cause to arrest Jimenez for six counts of child abandonment or
endangerment and to include the information in his report. To support his motion for summary
judgment, Officer Nunez included evidence establishing his observations and those of the witnesses. 
However, Officer Nunez also attached to his motion for summary judgment the following excerpts
from Jimenez's deposition: 

 Q. Who was with you in the store? Were you by yourself or did you
have any of your children with you.

 

 A. All of my children were there. 

 Q. The six children?

 A. Yes.

 Q. Were they all inside of the store with you?

 A. Yes. 

* * *

 Q. What was the first thing the police officer told you?

 A. To come outside right to the door because he wanted to talk to
me.


 Q. Now when he said that, where were your children?

 A. Inside of the store.

 Q. The six of them?

 A. Yes.

 Q. Are you sure about that?

 A. Yes. 

This testimony directly contradicts Officer Nunez's report and affidavit and creates a fact issue as
to whether Jimenez left her children alone in the truck and as to whether Officer Nunez saw any of
the children alone in the truck. These facts are the basis of Nunez's defense that he acted in good
faith in reporting that Jimenez committed the offense of child abandonment or endangerment. 
Taking Jimenez's deposition testimony as true, and indulging every reasonable inference in her favor
as we must, we cannot say as a matter of law that Officer Nunez acted in good faith when he reported
Jimenez committed child abandonment or endangerment. See Rubio, 185 S.W.3d at 846. 
Accordingly, his motion for summary judgment on the defamation claim as it relates to the reporting
of the child endangerment offense was properly denied. 

Conclusion

 Based upon our analysis of the law and the evidence, we hold: (1) the trial court erred in
denying Officer Nunez's motion for summary judgment as to Jimenez's claims for false
imprisonment; (2) the trial court erred in denying Officer Nunez's motion for summary judgment
as to Jimenez's claim for defamation based on the injury to a child report; and (3) the trial court did
not err in denying Officer Nunez's motion for summary judgment as to Jimenez's claim for
defamation to the extent those claims are based on the report for child abandonment or
endangerment. Accordingly, we affirm in part and reverse and render in part. 


 Steven C. Hilbig, Justice


1. A suit against an official in his official capacity is not a suit against the official; rather, it is a suit against the
governmental entity he represents. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In this case, by suing Officer
Nunez in his official capacity, Jimenez was actually bringing suit against the City of Laredo. See id. 
2. For purposes of article 14.03(a)(4), "family violence" means, with regard to this case: 


 (1) an act by a member of a family or household against another member of the family or
household that is intended to result in physical harm, bodily injury, assault, or sexual assault
or that is a threat that reasonably places the member in fear of imminent physical harm,
bodily injury, assault, or sexual assault, but does not include defensive measures to protect
oneself; 

 (2) abuse, as that term is defined by Sections 261.001(1)(C), (E), and (G), by a member of
a family or household toward a child of that family or household. 


Tex. Fam. Code Ann. § 71.004(1), (2) (Vernon 2002); see Tex. Code Crim. Proc. Ann. art. 14.03(f) (Vernon Supp.
2007). "Abuse," as it is relevant to this case, means "physical injury that results in substantial harm to the child, or the
genuine threat of substantial harm from physical injury to the child." Tex. Fam. Code Ann. § 261.001(1)(C) (Vernon
Supp. 2007). "Neglect," as it pertains to this case, means "placing a child in or failing to remove a child from a situation
that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical
condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child." Id.
§ 261.001(4)(B)(i). 
3. The Texas Penal Code defines "bodily injury" to include "physical pain." Tex. Penal Code Ann. § 1.07(a)(8)
(Vernon Supp. 2007). 
4. Officer Nunez argues the First Amended Petition should not be considered because it was not properly served
before the summary judgment hearing, which denied him an opportunity to object to it pursuant to Rule 63 of the Texas
Rules of Civil Procedure. See Tex. R. Civ. P. 63 (stating any pleadings, responses, or pleas offered for filing within
seven days of date of trial shall be filed only after leave of court). Even assuming Officer Nunez is correct, which we
do not decide, our analysis would not change because Jimenez made an identical claim in her Original Petition and
Officer Nunez failed to specially except to that allegation.