**Thalia CHANEY, Appellant,**

v.

**Diane Pearl CORONA and Gilbert Corona, Appellees.**

**No. 04–02–00826–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 28, 2003.

Roger D. Hepworth, Sue M. Lee, Henslee, Fowler, Hepworth & Schwartz, L.L.P., Austin, for Appellant.

Reed Greene, Reed Greene, M.P.A., J.D., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: CATHERINE STONE, Justice.

Thalia Chaney ("Chaney") appeals the trial court's order denying her motion for summary judgment based on an assertion of immunity. Chaney contends the trial court erred by: (1) denying Chaney's mo-

tion to strike certain evidence presented in response to her motion for summary judgment; (2) denying Chaney's no-evidence motion for summary judgment; and (3) denying Chaney's traditional motion for summary judgment based on assertions of official immunity and immunity under the Texas Family Code and the Texas Education Code. In this accelerated appeal, we do not have jurisdiction to address Chaney's second issue because it is not based on an assertion of immunity. *See* Tex.Rev. Civ. Stat. Ann. § 51.014 (Vernon Supp. 2002).

## BACKGROUND

A student's parent reported that the student's teacher, Diane Pearl Corona ("Corona"), hit the student in the eye with a chair. Chaney, the principal of the school, reported the incident to Ed Paschal, the Executive Director of Pupil Personnel, who instructed Chaney to interview the student. Chaney reported the allegations made during her interview of the student to her supervisor and was instructed to interview a few other students in the class. Chaney later was instructed to report the incident to Child Protective Services.

Eventually, the student sued Corona for personal injury. Corona filed a counter-claim against the student and a third party claim against Chaney. The suit against Corona was settled, and the counter-claim against the student was dismissed; however, Corona pursued claims for defamation and conspiracy against Chaney. Chaney's answer asserted immunity as an affirmative defense. Chaney moved for both a traditional and no-evidence summary judgment. Chaney filed this accelerated appeal after her motion was denied.

## STANDARD OF REVIEW

The only issues we have jurisdiction to consider in this appeal relate to the trial court's denial of Chaney's summary judgment based on her assertions of immunity—an affirmative defense. Because Chaney has the burden of proof with regard to her affirmative defenses, a no-evidence motion for summary judgment is not proper; therefore, we only consider whether the trial court erred in denying the motion under traditional summary judgment standards. *See* Tex.R. Civ. P. 166a(i) (providing that party may move for summary judgment on ground that no evidence exists on one or more elements of claim or defense adverse party has burden to prove at trial); *see also Harrill v. A.J.'s Wrecker Serv., Inc.,* 27 S.W.3d 191, 194 (Tex.App.-Dallas 2000, pet. dism'd w.o.j.); *Moritz v. Bueche,* 980 S.W.2d 849, 856 (Tex.App.-San Antonio 1998, no pet.).

"When reviewing a summary judgment, we follow these well-established rules: (1) The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant." *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). "Summary judgment is proper if the defendant establishes all elements of an affirmative defense to each claim." *Id.* "Once a movant establishes its right to summary judgment on the basis of an affirmative defense, the nonmovant must respond with reasons for avoiding summary judgment and must support those reasons with proof sufficient to raise a fact issue." *Deaver v. Bridges,* 47 S.W.3d 549, 551 (Tex.App.-San Antonio 2000, no pet.). "If the nonmovant responds with proof of a

basis for avoiding the movant's affirmative defense, the movant then has the burden to negate the [nonmovant's] ground for avoidance as a matter of law." *Id.*

## SECTION 261.106 IMMUNITY

A person is immune from liability if the person acts in good faith in reporting child abuse. TEX. FAM.CODE ANN. § 261.106 (Vernon 2002). Corona contends that Chaney is not immune under section 261.106 because the summary judgment evidence raised a question of fact regarding whether Chaney acted in good faith.

The meaning of the term "good faith" is primarily discussed in relation to the "good faith" element that must be shown in order to establish official immunity for police officers. Because the public-policy concerns in protecting children are equally important as the public-safety concerns involving police work, we believe the test for establishing "good faith" for purposes of section 261.016 immunity should be the same as that applied for purposes of establishing official immunity.

 Accordingly, to establish good faith, Chaney must show that a reasonably prudent principal, under the same or similar circumstances, could have believed that reporting the abuse was justified based on the information she possessed. *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002). Chaney is not required to prove that it would have been unreasonable not to make the report, or that all reasonably prudent principals would have made the report. *Id.* Rather, she must prove only that a reasonably prudent principal, under similar circumstances, might have decided to report the alleged abuse. *Id.* Even if Chaney acted negligently, good faith is not defeated because the test is not "what a reasonable person would have done," but into "what a reasonable [principal] could have believed." *Id.*

 Once Chaney meets this burden, Corona must do more than show that a reasonably prudent principal could have reached a different decision in order to defeat summary judgment. *Id.* Instead, Corona must offer evidence that no reasonable principal in Chaney's position could have believed that the facts were such that they justified her conduct. *Id.* If principals of reasonable competence could disagree on the issue, Chaney acted in good faith as a matter of law. *Id.*

 In this case, Chaney presented two affidavits to support her decision to make the report. Although Corona presented an abundance of evidence in an effort to discount the student's allegation and to show that Chaney was a vindictive person, Corona did not present any evidence that no reasonable principal in Chaney's position could have believed that she was required to report the alleged abuse based on the facts presented to her. Accordingly, Corona failed to controvert Chaney's showing of good faith, and the trial court erred in denying Chaney's motion for summary judgment.

## CORONA'S EVIDENTIARY ISSUES

 Corona contends the trial court erred in denying her objections to certain portions of the affidavits filed by Chaney and Martin, contending that the affidavits were conclusory. We hold that the affidavits are not conclusory. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex.App.-Texarkana 2000, no pet.). Chaney and Martin set forth the facts underlying the decision to make the report to establish good faith.

Corona also contends that the trial court erred in striking the affidavit of Cynthia Duda Dubois. Dubois's affidavit does not

controvert the summary judgment evidence regarding Chaney's reasonable belief that she was required to file the report; therefore, even if the affidavit had not been excluded, Chaney would still have conclusively established her immunity under section 261.106 of the Texas Family Code.

### CONCLUSION

The trial court's judgment is reversed, and judgment is rendered granting Chaney's motion for summary judgment. Chaney's request that we find Corona's lawsuit to be frivolous is denied.