

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00483-CV

David **DREW**, Jr.,
Appellant

v.

Arlette Dominguez Gallegos **BELVER**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-04517
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice

Sitting:   Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 11, 2021

AFFIRMED

Appellant David Drew, Jr. appeals the trial court's order granting Arlette Dominguez

Gallegos Belver's motion to dismiss under the Texas Citizens Participation Act ("TCPA") and

dismissing his claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[1]  We affirm the

trial court's order.

---

[1] Chapter 27 of the Texas Civil Practice and Remedies Code comprises the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.  The Texas Legislature amended the TCPA effective September 1, 2019.  Those amendments apply to "an action filed on or after" that date.  *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687 (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010).  This lawsuit was filed on March 3, 2020.  Thus, the current version of the law with the 2019 amendments applies to this action.  All citations to the TCPA are to the current version unless otherwise indicated.

## BACKGROUND

Drew and Belver divorced in July 2017. According to a sworn statement by Belver in the record, Belver was assisting her daughter, V.G.[2], with her computer in October 2018 when Belver discovered a file on V.G.'s computer titled "to the world" which contained a suicide note written by V.G. Belver alleged that when she asked V.G. about the note, V.G. cried and told Belver that Drew "touched [her] and did things to [her] that [she] didn't want him to do" and that Drew "touched [her] private parts." Belver also stated that V.G. told her that Drew would touch her "vagina with his hand[, and] he also penetrated [her] vagina with his fingers."

Belver filed a police report with the San Antonio Police Department on the same day she discovered the note. The synopsis of the report, made by Detective J. Sandoval, states that Drew, V.G.'s stepfather at the time of the alleged abuse, walked into V.G.'s room "while she was sleeping and began rubbing her vagina outside and [on the] inside of the clothing without any penetration." The report states that V.G. "made an outcry after [Belver] . . . found a suicide note." The report also states that Officer Artalejo spoke with V.G., "who disclosed she had been sexually assaulted by [Drew] . . . while he was married to [Belver and] . . . [t]he last time anything happened was in 2016." The report contains a summary of a forensic interview of V.G. with details of the alleged abuse she experienced.

The conclusion of the report states, "UPON REVIEWING STATEMENTS, REPORTS, AND RELATED INFORMATION I FIND INFORMATION TO BE CREDIBLE AND CONSISTENT WITH TEXAS PENAL CODE VIOLATION 21.11 INDECENCY WITH CHILD-CONTACT. I AM FORWARDING THIS CASE TO THE DISTRICT ATTORNEY

---

[2] We use initials for the minor child involved in order to protect her identity. *See* TEX. R. APP. P. 9.8 (requiring appellate court to use an alias to protect minor's identity in parental-rights termination cases); *id.* cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

FOR REVIEW." *See* TEX. PENAL CODE ANN. § 21.11. Detective Sandoval then forwarded the case to the Bexar County District Attorney for review. In April 2019, Drew was indicted by a grand jury on felony charges of indecency with a child and continuous sex abuse of a child. *See id.* §§ 21.02, .11. In February 2020, the State filed a motion to dismiss the criminal charges, stating it was "[u]nable to prove [the crime] beyond a reasonable doubt at [the] time," and the trial court subsequently dismissed the case.

On March 3, 2020, Drew sued Belver asserting causes of action for malicious prosecution, civil conspiracy, false imprisonment, defamation, and intentional infliction of emotional distress. In the petition, Drew asserted that Belver "knowingly provided false information to the investigating and charging authorities" which resulted in Drew's arrest and indictment. On May 27, 2020, Belver filed a motion to dismiss these claims pursuant to the TCPA and attached exhibits with documents from the dismissed criminal case against Drew, including: a San Antonio Police Department Report by Detective Sandoval titled "Summary of Documentation and Investigation", a sworn statement by Belver, the bill of indictment, the motion to dismiss criminal charges against Drew, and the order dismissing the case.

On May 28, 2020, Drew filed a motion for limited discovery under the TCPA, requesting a two-hour deposition of Belver. On June 1, 2020, Belver responded to the motion, asserting Drew failed to establish good cause for the deposition under the TCPA. On July 16, 2020, Drew responded to Belver's motion to dismiss and objected to Belver's exhibits described above, arguing that they were uncertified public records and therefore inadmissible. On July 20, 2020, Belver replied to Drew's response and argued that she had included a verification in her motion to dismiss that declared these exhibits were authenticated and certified by the clerk of the court. Belver also attached the complete certified file from the Clerk as an exhibit to her reply. On July 23, 2020, the trial court held a hearing on the motion to dismiss.

On September 1, 2020, the trial court granted Belver's motion to dismiss and dismissed all of Drew's claims with prejudice. The court ordered that Belver recover $11,730.00 in attorney's fees against Drew and ordered Drew to pay post-judgment interest at the rate of 5% per annum until paid. The court also awarded Belver conditional appellate attorney's fees in the amount of $12,500 if Drew unsuccessfully appealed to an intermediate appellate court and $7,500 if Drew unsuccessfully appealed to the Texas Supreme Court. On September 11, 2020, the trial court entered findings of fact and conclusions of law. Drew timely appealed.

**MOTION FOR LIMITED DISCOVERY**

On appeal, Drew argues the trial court erred in failing to rule on his motion for limited discovery. Belver responds that Drew waived this issue because he failed to obtain a ruling on the motion for limited discovery. We agree.

*A. Applicable Law*

A TCPA motion to dismiss must be filed not later than the 60th day after the date of service of the legal action. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). Except as provided by section 27.006(b), all discovery is suspended upon the filing of the motion to dismiss. *Id.* § 27.003(c). "On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." *Id.* § 27.006(b). We review the denial of a motion for discovery under the TCPA for an abuse of discretion. *Walker v. Schion*, 420 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

To preserve error on a discovery dispute, the appealing party must obtain a ruling by the trial court on the discovery issue or object to the trial court's refusal to rule. *U. Lawrence Boze' & Assocs., P.C. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Nguyen v. Dall. Morning News, L.P.*, No. 2-06-298-CV, 2008 WL 2511183, at *2 (Tex. App.—Fort Worth June 19, 2008, no pet.) (mem. op.) (explaining "nothing

in the record indicat[ed] that the trial court ever, expressly or implicitly, ruled on the [discovery] motion" or that appellant "objected to the trial court's refusal to rule"); TEX. R. APP. P. 33.1(a). A party's failure to obtain a pretrial ruling on a discovery dispute existing before the beginning of trial constitutes a waiver of the issue on appeal. *See Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993); *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 623 (Tex. App.—Dallas 2004, no pet.).

*B. Analysis*

We have reviewed the record before us and find no ruling by the trial court on Drew's motion for limited discovery and no objection by Drew to the trial court's apparent failure to rule. *See* TEX. R. APP. P. 33.1(a)(2); *Whisenhunt v. Lippincott*, 474 S.W.3d 30, 41 (Tex. App.— Texarkana 2015, no pet.) (holding that appellant in TCPA action failed to preserve error because his request for limited discovery was not made in a timely manner and because he failed to secure a ruling on that motion); *Nguyen*, 2008 WL 2511183, at *2.

After Belver filed her motion to dismiss under the TCPA, Drew filed a motion for limited discovery under the TCPA and requested a two-hour deposition of Belver. Belver responded to the motion asserting Drew failed to establish good cause for the deposition under the TCPA. The record contains an amended notice of hearing set for Drew's motion for limited discovery, but the record does not indicate that the trial court ruled on the motion for limited discovery. The only reporter's record is from the motion to dismiss hearing and there is no mention of Drew's motion for limited discovery at this hearing.[3] There is no evidence in the record that Drew requested a

---

[3] Drew states there was a hearing on his motion for limited discovery and that the court stated, "a ruling would be forthcoming in a few days." However, as stated above, there is no transcript from this hearing in the reporter's record to indicate that the trial court made this statement. *See Minor v. Stone*, No. 04-17-00561-CV, 2018 WL 6069870, at *2 (Tex. App.—San Antonio Nov. 21, 2018, no pet.) (mem. op.) ("The appellant has the burden to present a record to the appellate court that shows the error about which the appellant complains."); *see also Estate of Veale v. Teldyne Indus., Inc.*, 899 S.W.2d 239, 242 (Tex. App—Houston [14th Dist.] 1995, writ denied) (stating "the burden is on the

ruling on the motion for limited discovery prior to the court's dismissal of the case. *See Hicks v. Hicks*, No. 01-15-01011-CV, 2016 WL 2342913, at *3 (Tex. App.—Houston [1st Dist.] May 3, 2016, no pet.) (mem. op.) (holding party failed to preserve error on motion to compel discovery where trial court never ruled on motion and party failed to object to refusal to rule).

Because Drew neither obtained a ruling on his motion for limited discovery nor objected to the trial court's refusal to rule, he failed to preserve for our review any issue regarding his motion for limited discovery. *See* TEX. R. APP. P. 33.1(a)(2); *Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 874 (Tex. App.—Corpus Christi 2006, pet. denied) (holding that appellant's failure to obtain a ruling from the trial court on the complained-of issue precluded appellate review); *cf. Mead v. RLMC, Inc.*, 225 S.W.3d 710, 713–14 (Tex. App.—Fort Worth 2007, pet. denied) (holding that trial court's grant of party's motion for summary judgment did not allow inference that trial court sustained that party's objections). We overrule Drew's issue related to his motion for limited discovery.

### EVIDENTIARY OBJECTIONS

Drew also complains the trial court erred in overruling his objections to specific exhibits attached to Belver's motion to dismiss because the exhibits were uncertified public records and therefore inadmissible. Drew also argues that any later-filed certified documents filed by Belver in her reply to his response to the motion to dismiss were untimely. We hold the trial court did not err in overruling Drew's objections.

### A. Applicable Law

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015). We will uphold the

---

complaining party to present a sufficient record to the appellate court to show error requiring reversal" and to complain on appeal of the trial court's failure to take a requested action).

trial court's decision as long as it is within the zone of reasonable disagreement. *Diamond Offshore Servs., Ltd. v. Williams*, 542 S.W.3d 539, 545 (Tex. 2018). To authenticate a document, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). By rule, some documents are self-authenticating, such as certified copies of public records or public documents that are sealed and signed. *Id.* R. 902(2), (4).

"In determining whether a legal action is subject to or should be dismissed under [the TCPA], the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). Rule 166a(c) of the Texas Rules of Civil Procedure allows the court to consider "authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court." TEX. R. CIV. P. 166a(c).

The TCPA states that a "motion to dismiss a legal action . . . must be filed not later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). "A party responding to the motion to dismiss shall file the response, if any, not later than seven days before the date of the hearing on the motion to dismiss unless otherwise provided by an agreement of the parties or an order of the court." *Id.* § 27.003(e). In the absence of a rule, the trial court has discretion to determine the timeliness of a response. *Mission Wrecker Serv., S.A., Inc. v. Assured Towing, Inc.*, No. 04-17-00006-CV, 2017 WL 3270358, at *3 (Tex. App.— San Antonio 2017, pet. denied) (mem. op.).

### B. Analysis

On appeal, Drew does not dispute that the evidence attached to Belver's reply is certified; instead, he argues that the evidence attached to Belver's motion to dismiss was uncertified and that

the evidence attached to Belver's reply was untimely.  We only address the evidence attached to Belver's reply.

In Belver's reply, filed two days before the hearing on the motion to dismiss, Belver attached the complete certified file from the clerk of the court.  At the motion to dismiss hearing, Drew assumed the documents were certified but objected to the timeliness of Belver's filing of the documents.  The trial court acknowledged the evidence was "filed pretty late in the game," but asked Drew whether he would like more time to respond to the reply; Drew stated he did not.  The trial court then explained that it was "not willing to strike them all and not get to the merits of the matter" if the only objection was to timeliness.  Belver later moved to admit the certified documents attached to her reply, which the trial court admitted into evidence.

We hold the trial court did not abuse its discretion in admitting this evidence.  *See Brown Sims, P.C. v. L.W. Matteson, Inc.*, 594 S.W.3d 573, 589 (Tex. App.—San Antonio 2019, no pet.) (holding trial court did not abuse its discretion in denying appellants' motion to strike evidence that was filed by appellees the day before the TCPA motion to dismiss hearing because it concluded the evidence was "necessary in determining whether the lawsuit was meritorious or frivolous.").  The trial court used its discretion to permit certified documents which it felt were relevant to "the merits of the matter" and the TCPA fails to set out rules regarding replies to responses to motions to dismiss.  *See id.*; *see also Mission Wrecker Serv., S.A.*, 2017 WL 3270358, at *3 ("[I]n the absence of a rule, the trial court should have discretion to determine the timeliness of a response.").  We overrule Drew's issue related to his evidentiary objections.

### THE TEXAS CITIZENS PARTICIPATION ACT

*A.  Applicable Law and Standard of Review*

The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them."  *In re Lipsky*, 460 S.W.3d 579, 584

(Tex. 2015) (orig. proceeding). Under the TCPA, a party may file a motion to dismiss a "legal action" that is "based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). A "legal action" can consist of an entire lawsuit or a single cause of action. *Id.* § 27.001(6).

A three-step burden shifting mechanism is triggered by the filing of a motion to dismiss under the TCPA. *See id.* § 27.005(b)–(d); *In re Lipsky*, 460 S.W.3d at 586–87. The movant bears the initial burden to demonstrate that the legal action is based on or in response to the movant's exercise of the right to free speech, the right to petition, or the right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant meets its initial burden, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant fails to meet its burden, the trial court must dismiss the legal action. *See id.* If the nonmovant satisfies its burden, the trial court must nevertheless dismiss the legal action if the movant establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *Id.* § 27.005(d).

In determining whether the nonmovant's claim should be dismissed, the court may consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *Id.* § 27.006(a); *see* TEX. R. CIV. P. 166a. We construe the TCPA "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b). On appeal, the trial court's ruling on a motion to dismiss under the TCPA is reviewed *de novo*, and the pleadings and evidence are viewed in the light most favorable to the nonmovant. *Maldonado v. Franklin*, No. 04-18-00819-CV, 2019 WL 4739438, at *3 (Tex. App.—San Antonio Sept. 30, 2019, no pet.) (mem. op.).

*B.   Scope of the TCPA*

In his first two issues, Drew contends that Belver's reports are not within the scope of the TCPA because they are allegedly false statements and therefore not based on or in response to her "exercise of the right of free speech," "right to petition," or "right of association."

"The TCPA casts a wide net." *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018).  A party may file a motion to dismiss a "legal action" that is "based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a).  The TCPA provides its own definition of the "exercise of the right of free speech," which is not fully coextensive with the constitutional free speech right protected by the First Amendment to the U.S. Constitution and article I, section 8 of the Texas Constitution.  *See id.* § 27.001(3); *Adams*, 547 S.W.3d at 892.  In the TCPA, the "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3).  "In order for a movant to invoke the TCPA, there must first be a communication." *Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 283 (Tex. App.—Dallas 2019, pet. denied).  "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(1).

A "'[m]atter of public concern' means a statement or activity regarding . . . a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity; . . . a matter of political, social, or other interest to the community; or . . . a subject of concern to the public." *Id.* § 27.001(7)(A)–(C).  Reporting a crime to law enforcement and related judicial proceedings arising from prosecutions are matters of public concern. *See Castille v. Port Arthur Patrolmen's Hunting Club*, No. 09-18-00395-CV, 2020 WL

1879475, at *5 (Tex. App.—Beaumont Apr. 16, 2020, pet. denied) (mem. op.); *cf. Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017).

The "[e]xercise of the right to petition" means a communication in or pertaining to: "a judicial proceeding; . . . an official proceeding, other than a judicial proceeding, to administer the law; . . . an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government; . . . [or] a report of or debate and statements made in a proceeding described" by the categories above. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i)–(iii), (viii). An "'[o]fficial proceeding' means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant." *Id.* § 27.001(8). "Filing a police report, whether true or false, implicates a person's right to petition the government." *Murphy USA, Inc. v. Rose*, No. 12-15-00197-CV, 2016 WL 5800263, at *3 (Tex. App.—Tyler Oct. 5, 2016, no pet.) (mem. op.). The basis of a legal action is determined by the plaintiff's allegations. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). Indeed, "the plaintiff's petition . . . is the best and all-sufficient evidence of the nature of the action." *Id.* (citation omitted). "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Id.*

Here, Drew's claims were based on or in response to Belver's statements to the San Antonio Police Department when reporting the alleged sexual abuse of her daughter, V.G., by Drew. We hold that these statements to law enforcement are within the scope of the TCPA. The statements are a matter of public concern and therefore constitute the "[e]xercise of the right of free speech." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3); *Castille*, 2020 WL 1879475, at *5 (holding that statements appellees gave law enforcement officials concerning a trespass were statements made in connection with a matter of public concern); *Keel Recovery, Inc. v. Tri Cty. Adjusters, Inc.*, No. 05-19-00686-CV, 2020 WL 5269603, at *4 (Tex. App.—Dallas Sept. 4, 2020,

no pet.) (mem. op.) (stating that reporting a crime to law enforcement is a matter of public concern and therefore plaintiffs' claims related to defendants' statements to police constituted the "exercise of the right of free speech, the right of association, or the right to petition.").

Drew argues that Belver's communication does not fall within the scope of the TCPA because the statements she made were allegedly false. We hold that even if the statements made by Belver were false, they still fall within the scope of the TCPA because filing a police report constitutes the "[e]xercise of the right to petition." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4); *Rose*, 2016 WL 5800263, at *3 (holding TCPA protected a criminal activity report even though the charges were dropped); *cf. Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 609 (Tex. App.—San Antonio 2018, pet. denied) (holding statements made to the San Antonio Police Department, even if false, were an exercise of the right to petition under the TCPA).

Accordingly, we hold that Belver met her initial burden to demonstrate that Drew's claims were based on or in response to her right of free speech or her right to petition under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001(3)–(4); .003(a). Because we so hold, we need not decide whether the claims also implicate the right of association. *See ExxonMobile Pipeline Co. v. Coleman*, 512 S.W.3d 895, 901–02 (Tex. 2017) (per curiam). We overrule Drew's first two issues.

### C. Belver's Entitlement to Dismissal

Because Belver demonstrated that the TCPA applies to Drew's claims, the burden shifts to Drew to establish by clear and specific evidence a prima facie case for each essential element of his claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). If he did so, Belver is still entitled to dismissal if she "establishes an affirmative defense or other grounds on which [she] . . . is entitled to judgment as a matter of law." *Id.* § 27.005(d).

Assuming without deciding that Drew met his burden, we nevertheless hold that Belver is entitled to dismissal of all of Drew's claims because she established the affirmative defense of immunity from civil liability under section 261.106 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 261.106; *see also Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018) (assuming without deciding that nonmovant met his burden to establish a prima facie case for each element of his claims when movant was entitled to dismissal under the TCPA because he established an affirmative defense).

In her motion to dismiss, Belver relies on the affirmative defense of immunity under section 261.106 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 261.106; *Nunez v. Jimenez*, No. 04-07-00403-CV, 2007 WL 4320822, at *4 (Tex. App.—San Antonio Dec. 12, 2007, no pet.) (stating immunity under section 261.106(a) of the Texas Family Code is an affirmative defense). The statute provides that a person acting in "good faith" who reports or assists in the investigation of a report of alleged child abuse or neglect, or who participates in a judicial proceeding arising from a report or investigation of alleged child abuse or neglect, is immune from civil liability that might otherwise be incurred or imposed. TEX. FAM. CODE ANN. § 261.106(a).

This court has interpreted "good faith" under section 261.106(a) to be the same as good faith in the context of official immunity for police officers. *See Chaney v. Corona*, 103 S.W.3d 608, 611 (Tex. App.—San Antonio 2003, pet. denied) (using the same "good faith" test for reporting child abuse under section 261.106 of the Texas Family Code and official immunity for police officers because "the public-policy concerns in protecting children are equally important as the public-safety concerns involving police work."). That is, the person seeking protection based on 261.106(a) must establish that a reasonably prudent person under the same or similar circumstances could have believed that reporting the abuse was justified based on the information possessed. *Id.* In the context of reporting alleged child abuse, this does not require the person

reporting the alleged abuse to prove that it would have been unreasonable not to make the report, or that all reasonably prudent persons would have made the report. *Id.* Rather, the person must prove only that a reasonably prudent person, under similar circumstances, might have decided to report the alleged abuse. *Id.* Once the person who made the report meets this burden, the party alleging the person did not act in good faith must do more than show that a reasonably prudent person could have reached a different decision. *Id.* Instead, the person must offer evidence that no reasonable person in their position could have believed that the facts were such that they justified her conduct. *Id.* If people—in this case, mothers—of reasonable competence could disagree on the issue, then the person acted in good faith as a matter of law. *See id.* (determining whether school principals of reasonable competence could disagree on whether or not the principal was justified in reporting child abuse in the situation).

We hold that Belver established the affirmative defense of immunity under section 261.106 of the Texas Family Code as a matter of law. Drew's lawsuit against Belver arises from Belver's report to the San Antonio Police Department about Drew's alleged abuse of Belver's daughter, V.G; therefore, the affirmative defense could apply. *See* TEX. FAM. CODE ANN. § 261.106(a). Belver averred in her sworn statement that she responded to her daughter's outcry about Drew allegedly abusing her by taking her daughter to meet her psychologist and then to the police station to file a report. Based on the police report, Belver reported the alleged abuse after finding a suicide note on V.G.'s computer titled "to the world." The report states Belver confronted V.G. about the suicide note, and V.G. subsequently told her that Drew had been abusing her. The report concludes with a summary of a forensic interview of V.G. with details of the alleged abuse she experienced. On this record, Belver has carried her burden to show that a reasonably prudent person, under similar circumstances, might have decided to report the alleged abuse. *See Chaney*, 103 S.W.3d at 611 ("If principals of reasonable competence could disagree on the issue, Chaney acted in good

faith as a matter of law."); *compare Blum v. Julian*, 977 S.W.2d 819, 822 (Tex. App.—Fort Worth 1998, no pet.), *abrogated on other grounds by Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161 (Tex. 2018) (holding affidavit of counselor who investigated child sex abuse complaint showed good faith for immunity by stating facts including conduct of investigation), *with Howard v. White*, No. 05-01-01036-CV, 2002 WL 1470071, at \*7 (Tex. App.—Dallas July 10, 2002, no pet.) (concluding summary judgment evidence did not establish section 261.106 immunity defense as a matter of law because the evidence only demonstrated that appellant made a report to Child Protective Services that resulted in an investigation, but child's outcries were not in the summary judgment record and therefore there was no evidence that appellant made the reports in good faith).

In Drew's response to Belver's motion to dismiss, he states that the charges made against him "were false and concocted by [Belver] . . . because of the animosity . . . and disputes regarding money she owes [him.]" Drew also states that Belver held "considerable animosity toward[s him] since their divorce" and that Belver has not met all of her financial obligations under the divorce decree. Drew attached the affidavit of his defense attorney in the criminal proceeding, Donald Flanary. Flanary avers that when representing Drew, he was provided with discoverable portions of the District Attorney's file for the case against Drew, which included "an alleged suicide note from [V.G.]" Flanary also avers that Belver "facilitated her daughter giving statements to the SAPD and law enforcement" and that Belver "had been coaching her daughter on what to say and attempting to pressure her to say she had been sexually assaulted."

By these arguments and the evidence cited, Drew has failed to controvert Belver's showing of good faith. Drew does not dispute that V.G. wrote a suicide note, that Belver found the note, and that V.G. made an outcry of abuse to her mother. Although he attacks Belver's motivations for reporting alleged abuse to the police and contends that V.G. was "manipulated by her mother" in making the statements to the police, his assertions do not establish that a reasonable person

without any of these asserted ulterior motives would not also have made a report. *See Chaney*, 103 S.W.3d at 611 (holding appellee failed to controvert appellant's showing of good faith because, even though appellee presented evidence in an effort to discount the child's allegation and show that appellant was a vindictive person, appellee failed to present any evidence that no reasonable person in appellant's position "could have believed that she was required to report the alleged abuse based on the facts presented to her."). If the allegations were "false," as Drew asserts, a reasonable person in Belver's position could, nevertheless, have determined a report was warranted; the affirmative defense does not require the allegations be proved true. *See* TEX. FAM. CODE ANN. § 261.106. Drew's assertion that Belver "concocted" the allegations also does not satisfy his burden because his assertion is conclusory, and it provides no basis to explain the suicide note or V.G.'s outcry. *See Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.) (holding affiant's statements were conclusory and therefore constituted no evidence in a summary judgment proceeding); *Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 839 (Tex. 2010) (per curiam) (holding conclusory evidence lacks probative value and will not support a summary judgment).[4] In short, Drew has not satisfied his burden to offer evidence showing that no reasonable person in Belver's position could have believed that the facts were such that they justified reporting alleged abuse.

We hold that Belver established the affirmative defense of immunity under section 261.106 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 261.106. Accordingly, we hold that Belver is immune from civil liability, and Drew's claims were properly dismissed under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

---

[4] Likewise, the averments by Drew's defense attorney that Belver coached and pressured V.G. to say that she had been assaulted are conclusory because the attorney provides no basis for his conclusions. *See Gonzales*, 190 S.W.3d at 746 ("A conclusory statement is one that does not provide the underlying facts to support the conclusion[.]").

**CONCLUSION**

We affirm the judgment of the trial court.

Rebeca C. Martinez, Chief Justice