**Affirmed in Part, Reversed and Rendered in Part, Remanded, and Majority and Dissenting Opinions filed June 1, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00367-CV

---

## HARRIS COUNTY, TEXAS, Appellant

### V.

## JOSHUA JACOB MIRELES, CRISTIN MIRELES, and COLONIAL COUNTY MUTUAL INSURANCE COMPANY, Appellees

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2019-61633**

---

# DISSENTING OPINION

The objective good faith element of the official immunity defense requires the defendant official to prove that a reasonable official under the same or similar circumstances could have believed the defendant's conduct was justified. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 656–57 (Tex. 1994). Applying that general test to a high-speed pursuit, the officer acts in good faith if "a reasonably prudent officer, under the same or similar circumstances, could have believed that the need

to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit." *Id.* at 656. "Requiring officers to assess alternatives insures that public safety is not 'thrown to the winds in the heat of the chase.'" *Univ. of Hous. v. Clark*, 38 S.W.3d 578, 584 (Tex. 2000) (quoting *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex. 1992)).

Testimony on good faith must discuss what a reasonable officer could have believed under the circumstances, and must be substantiated with facts showing that the officer assessed both the need to apprehend the suspect and the risk of harm to the public. *Id.* at 581; *see Wadewitz v. Montgomery*, 951 S.W.2d 464, 467 (Tex. 1997) ("[N]eed is determined by factors such as the seriousness of the crime or accident to which the officer responds, whether the officer's immediate presence is necessary to prevent injury or loss of life or to apprehend a suspect, and what alternative courses of actions, if any, are available to achieve a comparable result.").

Deputy Solis states in part in his declaration, upon which appellant relies to substantiate both the risk and need factors: "I cannot think of any alternatives to the course of action I took." There are two problems inherent with this statement: (1) Deputy Solis does not explain the basis for this conclusion; and (2) the assessment of good faith depends on the assessment of a reasonably prudent officer of both the need to which an officer responds and the risk of the officer's course of action, which is based on the officer's perception of the facts at *the time of the event*. *See Wadewitz,* 951 S.W.2d at 467.

Deputy Solis's Declaration addresses the first two need factors identified in *Wadewitz* and subsequent authority: (1) the seriousness of the crime or accident to which the officer responds and (2) whether the officer's immediate presence is necessary to prevent injury or death or to apprehend a suspect, but fails to address the third factor: (3) the alternative courses of action, if any, that may have been

2

available to achieve a comparable result. *See Wadewitz,* 951 S.W.2d at 467; *City of Houston v. Sauls*, 654 S.W.3d 772, 781 (Tex. App.—Houston [14th Dist.] 2022, pet. filed); *Tex. Dep't of Pub. Safety v. Rodriguez*, 344 S.W.3d 483, 489–90 (Tex. App.—Houston [1st Dist] 2011, no pet.); *City of Houston v. Davis*, 57 S.W.3d 4, 7 (Tex. App. .—Houston [14th Dist.] 2001, no pet.).

Deputy Solis's declaration does not state that there were no alternatives to his course of action in suddenly "executing a wide left U-turn," moving from the left lane to the right lane and back to the left lane in attempting to make a U-turn, or that he could not think of any alternative course of action at the time of the event, but merely that "he cannot think of any alternatives. . . ."*Cf. Clark*, 38 S.W.3d at 584 ("For example, when an officer approaches a busy intersection with a red light and intersecting traffic is approaching the intersection on a green light and at a high rate of speed, the risk of collision significantly increases. Such an increase in risk could affect the balance between the need and risk and thus, requires a reassessment."); *see Sauls*, 654 S.W.3d at 783 ("There is no language in Hewitt's affidavit from which we could conclude Hewitt reasonably discounted an available alternate action to achieve a comparable result.").

Because the evidence did not show that Deputy Solis assessed the availability of any alternative courses of action to achieve a comparable result at the time of the collision, or that he considered and discounted those courses of action, appellant did not establish the necessary elements of good faith, and appellant's immunity defense fails. *See Sauls*, 654 S.W.3d at 783–84. Stated differently, without evidence of consideration of other alternative courses of action, Harris County has not substantiated the good-faith exception because the consideration of the need prong of the balancing test is incomplete. *See Wadewitz*, 951 S.W.2d at 466–67; *see also Telthorster v. Tennell*, 92 S.W.3d 457, 462 (Tex. 2002) ("To prevail, the movant's

3

proof must sufficiently assess the need and risk factors.").

If the government official does not prove each element of official immunity, then the burden never shifts to the plaintiff to come forward with controverting evidence. *City of Pasadena v. Belle,* 297 S.W.3d 525, 531 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also Telthorster,* 92 S.W.3d at 465.

For the foregoing reasons, I respectfully dissent from the majority opinion that concludes that Harris County is immune from all claims, and I would affirm the trial court's order denying Harris County's plea to the jurisdiction.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Jewell, and Poissant. (Jewell, J., majority).